R. J. MARZELLA & ASSOCIATES, P.C.
BY: CHARLES W. MARSAR, JR., ESQUIRE
PA SUPREME COURT I.D. NO. 86072
3513 NORTH FRONT STREET                         ATTORNEYS FOR PLAINTIFF
HARRISBURG, PA 17110-1438
TELEPHONE:  (717) 234-7828
FACSIMILE:   (717) 234-6883
EMAIL: CMARSAR@RJMARZELLA.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| DEBRA ZACH<br>5 RAILROAD AVENUE<br>NEWVILLE, PA 17241 | DOCKET NUMBER: |
| PLAINTIFF<br>VS. | |
| THE STATE OF MARYLAND<br>100 STATE CIR,<br>ANNAPOLIS, MD 21401 | |
| | NEGLIGENCE |
| THE TOWN OF OCEAN CITY<br>301 BALTIMORE AVE,<br>OCEAN CITY, MD 21842 | |
| | JURY TRIAL DEMANDED |
| DEFENDANTS | |

## COMPLAINT

### JURISDICTION

1. Plaintiff, Debra Zach, brings her Complaint under Federal Diversity Jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

1

## **THE PARTIES**

2. Debra Zach is an adult residing 5 Railroad Avenue, Newville, Cumberland County, Pennsylvania.

3. Defendant, The State of Maryland, is the sovereign government of the State of Maryland, as conducted according to the Maryland Constitution.

4. Defendant, The Town of Ocean City, is a town located in Worcester County, Maryland.

5. On February 8, 2018, Plaintiff submitted a claim to The State of Maryland and The Town of Ocean City based on the allegations contained in this complaint, pursuant to the requirements of the Maryland Tort Claims Act (MTCA) and the Maryland Local Government Tort Claims Act (LGTCA).

6. Having exhausted all administrative remedies, Plaintiff now bring this Complaint.

## **FACTS**

7. On or about September 22, 2017, Debra Zach was on vacation in The Town of Ocean City, Maryland.

8. Debra Zach tripped and fell on September 22, 2017, at or around 8:40pm at the corner of Coastal Highway and 94th Street, Ocean City, Maryland, next to the Bull on the Beach Restaurant.

9. Sunset was at or around 6:57pm in Ocean City on September 22, 2017. Therefore, it was dark at the time of the incident.

10. Debra Zach tripped and fell as a direct and proximate result of a defect in the design/build of the sidewalk.

11. Specifically, the sidewalk defect at the corner of Coastal Highway and 94th Street, Ocean City, Maryland was an elevated section of concrete connected to the walkway that was neither marked nor illuminated by a street light.

12. The section of concrete in question is raised approximately six (6) inches.

13. The raised section of concrete in question was not painted and/or clearly marked.

14. Debra Zach tripped and fell as a direct and proximate result of the streetlight directly above the sidewalk defect being out, making it difficult for Debra Zach to see the design/build defect in the sidewalk.

15. Debra Zach tripped and fell over the raised section of concrete, sustaining serious injury, including, but not limited to, a torn right rotator cuff, scrapes, and abrasions.

16. On or about September 23, 2017, at 10:08am, Debra Zach presented to the West Ocean City Injury & Illness Center.

17. The History of Present Illness stated that she fell and tripped on a curb last night and was experiencing right shoulder pain as well as an abrasion to the left shin.

18. Of note, Debra Zach is right-hand dominant.

19. Debra Zach reported that her symptoms were getting worse and included a constant dull radiating pain which sometimes becomes sharp in her right shoulder.

20. Debra Zach's right arm was put in a sling and she was given Tylenol #3 with codeine.

21. After returning home from her vacation, Debra Zach presented to Summit Urgent Care on September 30, 2017.

22. The Summit notes state that, "she fell 8 days ago striking the front side of her right shoulder . . . since then she has notices that she is having ongoing pain in her right shoulder with restricted movement."

23. Dr. Thomas Steinour of Summit Urgent Care suspected a contusion with limited range of motion and recommended an orthopedic referral to further evaluate.

24. On October 5, 2017, Debra Zach presented to Alexander Spasic, M.D., with right shoulder dropping, grinding, and injury, starting two weeks prior.

25. Dr. Spasic sent Debra Zach to Drayer Physical Therapy.

26. Debra Zach sought further treatment from James Oliverio, M.D., of the Orthopedic Institute of Pennsylvania as her right shoulder continued to hurt.

27. On November 9, 2017, Debra Zach presented to Dr. Oliverio with right shoulder pain.

28. Debra Zach informed Dr. Oliverio that "she fell in Ocean City on 9/22/2017 in the street over a curb and landed on her right side . . . She states that she has participated in 9 physical therapy sessions for her right shoulder. She rates her pain as 'bad.'"

29. On November 9, 2017, Dr. Oliverio diagnosed Debra Zach with an incomplete rotator cuff tear of the right shoulder.

30. On November 20, 2017, Debra Zach again presented Dr. Oliverio with right shoulder pain, which she stated began when she fell on September 22, 2017.

31. After reviewing an MRI, Dr. Oliverio changed his diagnosis to an acute, chronic, complete rotator cuff tear of the right shoulder.

32. Dr. Oliverio discussed surgical options with Debra Zach.

33. On December 5, 2017 Debra Zach presented to Dr. Spasic for surgical clearance.

34. Shortly thereafter, Debra Zach underwent a surgical rotator cuff repair.

35. Dr. Oliverio removed the surgical sutures on January 5, 2018.

36. As of January 24, 2018, Debra Zach still reported right shoulder pain to Dr. Spasic.

37. Currently, Plaintiff, Debra Zach, continues to experience pain and deficits in her right shoulder and may require additional treatment of her right shoulder in the future.

38. As a direct and proximate result of the Defendants' negligence, Debra Zach will have residual problems for the remainder of her life, potentially requiring additional medical treatment and therapy, and a claim is made therefore.

39. As a direct and proximate result of the Defendants' negligence, Plaintiff, Debra Zach, has been and will continue to be forced to incur liability for medical treatment, medicines, hospitalizations, physical therapy and similar miscellaneous expenses, and a claim is made therefore.

40. As a direct and proximate result of the Defendants' negligence, Debra Zach has undergone and will in the future undergo great mental and physical pain and suffering, great inconvenience in carrying out her daily activities, and a loss of life's pleasures and enjoyment, and a claim is made therefore.

41. As a direct and proximate result of the Defendants' negligence, Debra Zach has been and will be in the future subject to great humiliation, disfigurement, and embarrassment, and a claim is made therefore.

42. As a direct and proximate result of the Defendants' negligence, Debra Zach has sustained permanent scarring, and a claim is made therefore.

## COUNT I – NEGLIGENCE
## DEBRA ZACH V. THE STATE OF MARYLAND

43. All prior paragraphs are incorporated herein by reference as if set forth at length.

44. Defendant, The State of Maryland, is liable to the Plaintiff for damages alleged herein which were directly and proximately caused by its negligence in:

   a. Negligently designing/building/constructing/engineering the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

   b. Negligently incorporating a raised section of concrete into the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

   c. Failing to paint the raised section of concrete, making it difficult to see at night;

   d. Failing to mark the raised section of concrete with a flag, reflector, or similar item, making it difficult to see at night;

   e. Failing to design/build/construct/engineer the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland, in an ADA compliant manner;

   f. Failing to locate ground utilities (utility pole) behind the sidewalk, as preferred by the MDOT Office of Highway Development's

    Accessibility Policy & Guidelines for Pedestrian Facilities along State Highways;

g. Failing to locate ground utilities (utility pole) within a hardscape or green space corridor between the face of the curb and sidewalk as a preferred alternative of the MDOT Office of Highway Development's Accessibility Policy & Guidelines for Pedestrian Facilities along State Highways;

h. Failing to locate ground utilities (utility pole) a minimum of 18" from the curb face per AASHTO requirements;

i. Failing to ensure that ground utilities (utility pole) be located outside the clear pedestrian route and the sight distance triangle for the intersection;

j. Failing to timely replace/repair the non-functioning street light at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

k. Allowing the street light at the corner of Coastal Highway and 94th Street, Ocean City, Maryland to exist in a non-functioning state on the night of September 22, 2017; and

l. Failing to properly ensure that the walkway in question was properly constructed and/or maintained in compliance with local, state, and federal guidelines and regulations.

**WHEREFORE**, Plaintiff, Debra Zach, demands judgment in her favor and against Defendant, The State of Maryland, for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

### COUNT II – NEGLIGENCE
### DEBRA ZACH V. THE TOWN OF OCEAN CITY

45. All prior paragraphs are incorporated herein by reference as if set forth at length.

46. Defendant, The Town of Ocean City, is liable to the Plaintiff for damages alleged herein which were directly and proximately caused by its negligence in:

   a. Negligently designing/building/constructing/engineering the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

   b. Negligently incorporating a raised section of concrete into the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

   c. Failing to paint the raised section of concrete, making it difficult to see at night;

   d. Failing to mark the raised section of concrete with a flag, reflector, or similar item, making it difficult to see at night;

   e. Failing to design/build/construct/engineer the sidewalk at the corner of Coastal Highway and 94th Street, Ocean City, Maryland, in an ADA compliant manner;

   f. Failing to locate ground utilities (utility pole) behind the sidewalk, as preferred by the MDOT Office of Highway Development's

Accessibility Policy & Guidelines for Pedestrian Facilities along State Highways;

g. Failing to locate ground utilities (utility pole) within a hardscape or green space corridor between the face of the curb and sidewalk as a preferred alternative of the MDOT Office of Highway Development's Accessibility Policy & Guidelines for Pedestrian Facilities along State Highways;

h. Failing to locate ground utilities (utility pole) a minimum of 18" from the curb face per AASHTO requirements;

i. Failing to ensure that ground utilities (utility pole) be located outside the clear pedestrian route and the sight distance triangle for the intersection;

j. Failing to timely replace/repair the non-functioning street light at the corner of Coastal Highway and 94th Street, Ocean City, Maryland;

k. Allowing the street light at the corner of Coastal Highway and 94th Street, Ocean City, Maryland to exist in a non-functioning state on the night of September 22, 2017; and

l. Failing to properly ensure that the walkway in question was properly constructed and/or maintained in compliance with local, state, and federal guidelines and regulations.

**WHEREFORE**, Plaintiff, Debra Zach, demands judgment in her favor and against Defendant, The Town of Ocean City, for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

Respectfully submitted,

**R. J. MARZELLA & ASSOCIATES, P.C.**

By: */s/ Charles W. Marsar, Jr.*
Charles W. Marsar, Jr., Esquire
PA I.D. No. 86072
R. J. Marzella and Associates
3513 N. Front St.
Harrisburg, PA 17110
(717) 234-7828 (P)
(717) 234-6883 (F)
cmarsar@rjmarzella.com

Dated: September 8, 2020

## **VERIFICATION**

I, Debra Zach, do hereby swear and affirm that the facts and matters set forth in the foregoing document are true and correct to the best of my knowledge, information and belief.

I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 9/8/20

_____
Debra Zach